UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| GABRIEL LOPEZ, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:11-CV-54-JVB-PRC |
| | ) | |
| BRIDGESTONE AMERICAS TIRE | ) | |
| OPERATIONS, LLC, d/b/a GCR TIRE | ) | |
| CENTERS, and BRAD RAGAN | ) | |
| RECYCLING, INC., d/b/a B R TIRE, a/k/a | ) | |
| B R RETREADING, | ) | |
|     Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant Brad Ragan Recycling, Inc., d/b/a B R Tire, a/k/a B R Retreading's Motion to Compel Payment for Expert Witness [DE 65], filed on November 30, 2012. Defendant Bridgestone Americas Tire Operations, LLC ("BATO"), filed a response on December 13, 2012. BR Retreading has not filed a reply, and the time to do so has passed.

## ANALYSIS

BR Retreading seeks payment of $3,000.00 to its expert witness, Marvin Bozarth. BATO argues that this fee is unreasonable and that it already paid a reasonable amount to the expert.

Federal Rule of Civil Procedure 26 governs discovery and provides, in relevant part: "Unless manifest injustice would result, the court must require that the party seeking discovery: (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D)." Fed. R. Civ. P. 26(b)(4)(E). "In other words, before refusing to order a deposing party to pay the other party's expert, the district court must explicitly find either manifest injustice or that the fee was unreasonable." *Gwin v. Am. River Transp. Co.*, 482 F.3d 969, 975 (7th Cir. 2007) (citations omitted).

BATO does not object to paying the expert it deposed, but argues that the fee is not reasonable. BR Retreading argues that, prior to the deposition BATO had been informed that the charge for it would be $3,000, and attaches a May 31, 2012, email from a paralegal to counsel for BATO indicating the deposition fee. BATO does not dispute that the email was sent, but notes that the email was one of many sent during an initial attempt to take Bozarth's deposition by agreement, and denies that the parties came to an agreement about the fee. Furthermore, BATO argues, the parties were unable to set the deposition by agreement and BATO was forced to file a motion to compel in order to obtain the deposition. The Bozarth deposition was finally taken on August 30, 2012, pursuant to a Court Order granting BATO's motion to compel. The deposition was approximately three and a half hours long.

BATO represents that Bozarth's typical consulting fee, and the amount he charged BR Retreading, is $250 per hour. BATO argues that the $3,000 fee represents an hourly rate of almost four times Bozarth's typical charge. B R Retreading argues that the expense is justified because of the 76 miles of travel for Bozarth from his office to the deposition site and the time he spent collecting the numerous documents BATO requested. BATO denies that the document requests would have required significant preparation time, and asserts that the party retaining the expert typically pays for the expert's preparation time.

As described above, the Court must require BATO to pay a reasonable fee for Bozarth's deposition. However, B R Retreading has not provided an invoice or affidavit from Bozarth itemizing the time spent preparing for and attending the deposition, nor has it provided a contract or other documentation describing his rates for depositions. The only document B R Retreading provides in support of its contention that $3,000 was a reasonable, agreed-upon fee is the single

email from its paralegal to counsel for BATO. Even assuming that it would be appropriate for BATO, the deposing party, to pay for the expert's preparation time (required by many district courts in this circuit, *see United States ex rel. Liotine v. CDW-Gov't, Inc.*, No. 3:05CV33, 2012 WL 1252982, at *1, 2012 U.S. Dist. LEXIS 52422, at *4-5 (S.D. Ill. April 13, 2012) (listing cases)), there is no way for the Court to determine the amount of time Bozarth spent preparing in order to calculate the actual hourly rate he is charging.

BR Retreading is requesting either an hourly rate that is more than three times Bozarth's typical rate or payment for a significant amount of time spent in preparation for the deposition, but does not provide documentation that would lead the Court to find that either charge is reasonable. Accordingly, the Court will not require BATO to pay an amount in excess of the $1,000 it has already paid, representing a reasonable payment of more than $250 per hour for the time Bozarth spent in the deposition.

## CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** the Defendant Brad Ragan Recycling, Inc., d/b/a B R Tire, a/k/a B R Retreading's Motion to Compel Payment for Expert Witness [DE 65].

SO ORDERED this 21st day of February, 2013.

                                                    s/ Paul R. Cherry
                                                   MAGISTRATE JUDGE PAUL R. CHERRY
                                                   UNITED STATES DISTRICT COURT

cc:     All counsel of record