# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| GABRIEL LOPEZ, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.: 2:11-cv-54-JVB-PRC |
| | ) | |
| BRIDGESTONE AMERICAS TIRE | ) | |
| OPERATIONS, LLC d/b/a/ GCR TIRE | ) | |
| CENTERS, *et al.*, | ) | |
| Defendants. | ) | |

## FINDINGS, REPORT, AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE PURSUANT TO
## 28 U.S.C. § 636(b)(1)(B) & (C)

This matter is before the Court on Petition for Adjudication of *Quantum Meruit* Claim [DE 107], filed by Plaintiff's former attorneys (Curico) on September 26, 2013. Curico asks the Court to order Plaintiff's current lawyers (Alvarez) to pay them for the work they did on this case. Alvarez did not file a response and the time to do so has passed. Nevertheless, in a December 13, 2013 Motion to Reopen Discovery [DE 112], Alvarez questions the jurisdiction of this Court over Curico's petition, seeks to reopen discovery to look into that question, and states that they dispute the amount requested.

On November 1, 2013, District Court Judge Joseph S. Van Bokkelen entered an Order [DE 110] referring this matter to the undersigned Magistrate Judge for a report and recommendation on this motion pursuant to 28 U.S.C. § 636(b)(1)(B). This Report constitutes the undersigned Magistrate Judge's combined proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(c).

Curico represented Plaintiff from February 2009 until April 2010. During that time, Curico says that they did about thirty hours of work (billing at $300 per hour) on Plaintiff's case. They also represent that they incurred $515.01 in costs. This adds up to $9,515.01 of legal fees and costs they

claim they've never been paid for. They ask the Court to order Alvarez to pay them for this work on a theory of *quantum meruit*.

The issue here sounds in contract law between two non-parties. The Court sees no reason why this existing case is the proper forum to bring this claim. And indeed, Curico's petition does not cite any law about why this case, to which Curico is not a party, is the right place to litigate this petition. The Court accordingly concludes that this matter is before the Court improperly and **RECOMMENDS** that Judge Van Bokkelen deny the petition without prejudice as to the merits of the claim.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260–61 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

SO ORDERED this 9th day of January, 2014.

                          s/ Paul R. Cherry
                          MAGISTRATE JUDGE PAUL R. CHERRY
                          UNITED STATES DISTRICT COURT

cc:    All counsel of record